Receipt number AUSFCC-7064658

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

|  |  |  |
|---|---|---|
| EMERGENT, LLC and WILMINGTON TRUST, NATIONAL ASSOCIATION and EPLUS GOVERNMENT, INC., | : : : : : | |
| Plaintiffs, | : : | CASE NO.:   **21-1360C** |
| v. | : : | <u>COMPLAINT</u> |
| UNITED STATES OF AMERICA, | : : | |
| Defendant. | : : : | |

Plaintiffs Emergent, LLC ("Emergent"), Wilmington Trust, National Association ("Wilmington Trust"), and ePlus Government, inc. ("ePlus"), for their complaint against Defendant United States of America, allege as follows:

<u>Parties</u>

1.      Emergent is a limited liability company organized and existing under the laws of the Commonwealth of Virginia, with its primary place of business in the Commonwealth of Virginia. It was the contractor under the government contract at issue here.

2.      Wilmington Trust is a national banking association, with its primary place of business in the State of Delaware. It is a financing institution and national bank which served as paying agent and was assignee under the Assignment of Claims Act.

3.      ePlus is a corporation organized and existing under the laws of the Commonwealth of Virginia, with its primary place of business in the Commonwealth of Virginia. It is a leasing company and financing institution.

4.      The United States Department of Defense ("DoD") is an agency of the United States of America, constituting the United States federal executive department responsible for developing and executing federal laws related to national defense. The Defense Health Agency ("DHA") is a component agency of DoD, responsible for leading and directing the Military Health System.

<u>Jurisdiction</u>

5.      This Court has jurisdiction over the claim set forth in this Complaint pursuant to 28 U.S.C. § 1491 and the Contracts Disputes Act, 41 U.S.C. § 609.

<u>Factual Background</u>

6.      This is a sponsorship action, and the parties' actions satisfy the doctrine set forth in *Severin v. United States*, 99 Cl. Ct. 435 (1943), *cert. denied*, 322 U.S. 733 (1944).

7.      On or about February 28, 2018, DHA awarded Contract No. NNG15SC33B, Order No. HT001518F0023 (the "DHA Contract") – a contract to acquire certain Oracle Primavera software and other licenses and support services – to Emergent. By its terms, the DHA Contract incorporated Emergent's Quote No. 38326, dated February 26, 2018, which included terms titled "Federal Payment Plan Oracle Primavera Purchase" (the "EPP"). Copies of the DHA Contract and the EPP are attached hereto as *Exhibits A* and *B*, respectively.

8.     The DHA Contract, together with the EPP, included a base term of nine (9) months, and four (4) option years. It included the following payment schedule, which was set forth in the EPP:

| Payment No. | Payment Amount | Payment Due Date[1] | Period |
|---|---|---|---|
| 1 | $287,317.42 | 30 days after initial invoice | Base Period: __/__/18 – 11/30/18 |
| 2 | $320,607.25 | December 30, 2018 | Option Period 1: 12/1/18 – 11/30/19 |
| 3 | $320,607.25 | December 30, 2019 | Option Period 2: 12/1/19 – 11/30/20 |
| 4 | $320,607.25 | December 30, 2020 | Option Period 3: 12/1/20 – 11/30/21 |
| 5 | $320,607.25 | December 30, 2021 | Option Period 4: 12/1/21 – 11/30/22 |

9.     Emergent delivered all of the software required by the DHA Contract and such delivery was accepted by DHA. Emergent also commenced and provided the support services purchased by DHA.

10.     Emergent assigned to Wilmington Trust all of its rights and interest to payments under the DHA Contract. Notice of the assignment was provided to the DHA contracting office and disbursing office, and in March and April 2018, DHA issued Modification Nos. P00001 and P00002 acknowledging the assignment. *See Exhibits C* and *D*.

---

[1] The support services were payable quarterly in arrears, but are included herein for the sake of simplicity.

11.     The DHA Contract was further modified on November 30, 2018, by Modification No. P00003, to add support and maintenance services relating to Oracle Crystal Ball software. *See Exhibit E.*

12.     The United States exercised the first option year by Modification No. P00004, effective as of November 30, 2018. *See Exhibit F.*

13.     The EPP provided, in pertinent part, that "[t]he Government agrees to use its best efforts to obtain funds for each renewal option. The Government may elect not to renew the Order at the end of any base or option period unless it obtains the necessary funds to support this [EPP] and it has a bona fide need for the System or functionally similar assets or services."

14.     The EPP also contained a warranty from the United States "that the use of the System is essential to its proper operation."

15.     The EPP further provided that the United States would "promptly notify the Contractor of any termination or non-renewal. Upon such notification, the Order will terminate at the end of the last fiscal year for which funds were appropriated and the Government shall provide Contractor and/or its Assignee written certification that it is no longer using the software.

16.     The first option year expired on November 30, 2019.

17.     The United States did not promptly notify Emergent or Wilmington Trust with notification of termination or non-renewal.

18.     On January 2, 2020, the United States informed Emergent that it would not be exercising Option Year 2. The United States did not provide reasons

for such non-renewal, and did not provide certification that it is no longer using the software.

19.     The United States has made no additional payments under the DHA Contract.

20.     Emergent filed a certified claim with the Contracting Officer on May 27, 2020. *See Exhibit G.* The certified claim was, and this action is, a sponsored claim. *Id.*

21.     The Contracting Officer denied the certified claim by final decision dated February 10, 2021 (the "Denial Letter"). *See Exhibit H.*

## Count 1
## Breach of Warranty

22.     The allegations in paragraphs 1 – 21 above are incorporated herein as if fully set forth.

23.     In the Denial Letter, the Contracting Officer stated that the Oracle Primavera software and other licenses and support services were not essential for the United States." *See, e.g., Exhibit H,* at 5.

24.     In the Denial Letter, the Contracting Officer also stated "We did not need Primavera." *Exhibit H,* at 3.

25.     In the Denial Letter, the Contracting Officer further stated "We did not need Primavera. We did not have the resources to use and did not use Primavera. Use of Primavera was not essential for us. We do not need it." *Exhibit H,* at 5.

26.     In the EPP, the United States warranted that the use of the Oracle Primavera software (and the associated licenses and support services) were essential to the United States' proper operation, specifically agreeing that "Contractor accepts the Payment Amounts in reliance on the Government's undertakings pursuant to this Payment Plan including the Government's warrant that the use of the System is essential to its proper operation."

27.     Emergent provided the Oracle Primavera software and the associated licenses and support services under a payment plan in reliance on the United States' warranty.

28.     The United States breached the warranty set forth in the EPP.

29.     As a result of this breach of warranty, Emergent and Wilmington Trust have been damaged.

## Count 2
## Breach of Contract

30.     The allegations in paragraphs 1 – 21 above are incorporated herein as if fully set forth.

31.     In the Denial Letter, the Contracting Officer incorrectly stated that the United States had an absolute right not to renew the DHA Contract; and declined to address directly whether the necessary funds to support the DHA Contract had been appropriated or whether the United States had a bona fide need for the System or functionally similar assets or services.

32.     Under the EPP, the United States could elect not to renew the DHA Contract only in the event it failed to obtain an appropriation of the necessary funds

for the Oracle Primavera software and the associated licenses and support services or functionally similar assets or services, after using its best efforts to obtain such an appropriation.

33.     Upon information and belief, the United States obtained an appropriation of the necessary funds for the Oracle Primavera software and the associated licenses and support services or functionally similar assets or services.

34.     In the alternative to the allegation in paragraph 30, upon information and belief, the United States failed to use its best efforts to obtain an appropriation of the necessary funds for the Oracle Primavera software and the associated licenses and support services or functionally similar assets or services.

35.     The United States' failure to renew the DHA Contract despite having obtained an appropriation of the necessary funds for the Oracle Primavera software and the associated licenses and support services or functionally similar assets or services or, in the alternative, having failed to use its best efforts to obtain such an appropriation, was a breach of the DHA Contract.

36.     In addition, the EPP provided that upon termination or non-renewal, the United States was required to provide Emergent and/or Wilmington Trust written certification that it is no longer using the software.

37.     Before the Denial Letter, the United States never provided written notice or certification that it had ceased using the Oracle Primavera software.

38.     The United States' failure to provide timely written certification that it was no longer using the Oracle Primavera was a breach of the DHA Contract.

39.     As a result of these breaches of contract, Emergent and Wilmington Trust have been damaged.

WHEREFORE, Plaintiffs' demand judgment against the United States (a) in the amount of $916,803.75, plus interest under the Prompt Payment Act and the Contract Disputes Act, (b) for their taxable costs, (c) for their expenses and reasonable attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), and (d) for such other and further relief as the Court may deem appropriate.

Dated:        May 14, 2021
              Reston, Virginia


                    Respectfully submitted,

                    EMERGENT, LLC and
                    WILMINGTON TRUST, NATIONAL ASSOCIATION and
                    EPLUS GOVERNMENT, INC.


                    By:    /s/ Timothy B. Hyland
                           Timothy B. Hyland
                           HYLAND LAW PLLC
                           1818 Library Street, Suite 500
                           Reston, VA 20190
                           Email:  thyland@hylandpllc.com
                           Tel.: 703.956.3566
                           Fax: 703.935.0349